**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**WALTER E. JOHNSON, JR. (#104558)**                                    **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, WARDEN, ET AL.**                                        **NO. 08-0590-FJP-DLD**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 3, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WALTER E. JOHNSON, JR. (#104558)**                               CIVIL ACTION
**VERSUS**
**N. BURL CAIN, WARDEN, ET AL.**                                   NO. 08-0590-FJP-DLD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 12. This motion is opposed.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Ass't Warden Joe Lamartiniere, Ass't Warden Tim Delaney, Lt.Col. Preseley Bordenlon, Sgt. Larry Douglas and the Angola Boxing Association, complaining that his constitutional rights were violated on March 2, 2008, when the defendants failed to protect him from harm at the hands of an unreasonably dangerous co-inmate.[1]

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be

---

[1] Attempts by the United States Marshal's Office to serve defendants Tim Delaney and the Angola Boxing Association have proven unsuccessful because the Louisiana Department of Public Safety and Corrections has not accepted service on behalf of these defendants, specifically because the Department asserts that it has no record of a Tim Delaney being employed by the Department and because the Angola Boxing Association is not a "person" for whom the Department will accept service. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims against defendants Tim Delaney and the Angola Boxing Association be dismissed, without prejudice.

Further, with regard to the Angola Boxing Association, it is apparent that the plaintiff fails to state a claim upon which relief may be granted relative to this defendant. In this regard, the law is clear under the Eleventh Amendment to the United States Constitution that an unconsenting state and its subdivisions are immune from civil actions seeking monetary damages or equitable relief brought in federal court by her own citizens as well as by citizens of another state. Edelman v. Jordan, 415 U.S. 651, at 659, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Although Congress may have the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under color of state law. See Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Edelman v. Jordan, supra. Thus, absent congressional action or consent by the State, not here applicable, the State of Louisiana is immune from this lawsuit in federal court. Further, this shield of immunity extends to LSP and, by extension, offices and/or operational subdivisions within LSP, as arms or agencies of the State. Cf., Anderson v. Phelps, 655 F.Supp. 560 (M.D. La. 1985). Therefore, the plaintiff's claims against the Angola Boxing Association are barred by the Eleventh Amendment, and the plaintiff's claims against this defendant are subject to dismissal for this reason.

granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, _____ U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6).  The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]" Bell Atl. Corp. v. Twombly, supra, quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  See also Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).  Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the" formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief."  Bell Atl. Corp. v. Twombly, supra.  See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).  The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged."  Id.  The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).  A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, supra.  Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra.  Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

In his Complaint, as amended, the plaintiff alleges that on the evening of March 2, 2008, he returned to his dormitory after a meeting at the LSP Education Building. Shortly before his arrival at the dormitory, and unbeknownst to the plaintiff, there had been a dispute in the dormitory television area regarding whether a movie or a basketball game would be watched by the inmates. Although there is a large mirror which allows security officers to monitor the television area, the plaintiff complains that security officers were not watching the mirror and so were unaware of the referenced conflict and had taken no action to remove or discipline the offending co-inmates. Approximately ten minutes later, while the plaintiff was watching the movie, co-inmate Reed came into the room and asked who was watching the movie. When the plaintiff signified that he was watching the movie, co-inmate Reed changed the channel to the basketball game and left the viewing area. Approximately five minutes later, when co-inmate Reed did not return, the plaintiff moved to change the channel back to the movie. As he was doing so, however, co-inmate Reed came up behind the plaintiff and hit the plaintiff behind the ear, allegedly knocking the plaintiff out, and then continued to punch the plaintiff, causing "a concusion [sic], teeth knocked out, an assumed broken jaw, a crushed nose, a lacerated lip, and several contusions." According to the plaintiff, security officers were again not properly monitoring the viewing mirror and so were unaware of the incident until the plaintiff came into the dormitory covered in blood. The plaintiff further complains that he was thereafter falsely charged with a disciplinary violation for having started the fight, and was ultimately punished with a transfer to the LSP farm line and to eight (8) weeks loss of "store privileges". He asserts that co-inmate Reed was wrongly found innocent in the conflict and that this finding was because Reed was a participant in the Angola boxing program and was training for an upcoming fight on which unidentified security officers had placed bets. The plaintiff complains that co-inmate Reed is a dangerous inmate who was undergoing mental evaluation for dementia at LSP and has had numerous write-ups for fighting, and so should not have been allowed to receive dangerous training in enhanced fighting techniques through the boxing program and should not have been allowed to live among inmates such as the plaintiff.

Initially, it appears from the plaintiff's Complaint that he has named the defendants herein in both their individual and their official capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, <u>nor its officials acting in their official capacities</u>, are "persons" under § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims against the defendants in their individual capacities, the defendants assert, in response to the plaintiff's allegations, that they are entitled to qualified immunity in connection with the plaintiff's claims against them. Specifically, they contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. <u>Hale v. Townley</u>, 45 F.3d 914 (5th Cir. 1995). As enunciated in <u>Saucier v. Katz</u>, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful <u>in the situation which he confronted</u>. <u>Id.</u> In the instant case, the defendants assert that the plaintiff's claim fails in the first instance because he has failed to allege facts in the Complaint which would support a finding that they participated

in any violation of his constitutional rights.[2]

Undertaking the Saucier analysis, the Court concludes that the defendants' motion is well-taken in part and that, as discussed below, the plaintiff's allegations fail to overcome the assertion of qualified immunity as to certain of the claims asserted herein.

The plaintiff's claim, in essence, is that the defendants were deliberately indifferent to a serious risk of danger to his health and safety, resulting in his sustaining injury on March 2, 2008. Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from a constant threat of harm or violence at the hands of other inmates. Jones v. Diamond, 636 F.2d 1364 (5th Cir. 1981); Johnston v. Lucas, 786 F.2d 1254 (5th Cir. 1986). Not every prison fight is actionable, however. In order for there to be liability in connection with this cause of action, there must exist an intent on the part of the defendants to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm. Johnston v. Lucas, supra. "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As stated in Farmer, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Applying this standard to the plaintiff's claims in the instant case, and addressing first the plaintiff's claim against defendant Sgt. Larry Douglas, it is apparent that there are insufficient facts alleged in the Complaint to suggest that defendant Douglas intended any harm to come to the plaintiff or was consciously or callously indifferent to an actual or perceived risk of such harm. All

---

[2] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory. Pearson v. Callahan, ____ U.S. __, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

that the plaintiff appears to allege relative to this defendant is that the defendant was not paying sufficient attention to the viewing mirror while on duty in the plaintiff's dormitory on the referenced date and so did not take appropriate action in response to either the conflict preceding the plaintiff's arrival in the dormitory or the subsequent conflict between the plaintiff and co-inmate Reed.  There is no allegation that defendant Douglas had advance notice of any ill-will between the plaintiff and the offending co-inmate or that the defendant intended to cause the plaintiff harm.  Accordingly, the Complaint alleges no more than mere negligence on the part of defendant Douglas, which claim is not actionable under § 1983.  See, e.g., Adames v. Perez, 331 F.3d 508 (5th Cir. 2003); Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Oliver v. Collins, 904 F.2d 278 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987).  Therefore, it is appropriate that the plaintiff's claim of deliberate indifference against this defendant be dismissed.

Nor does the plaintiff's claim that defendant Douglas wrongfully charged the plaintiff with a false disciplinary report state a claim of constitutional violation.  In this regard, the mere fact that an inmate has been charged or punished for conduct of which he is innocent does not, without more, state a claim of constitutional dimension.  Collins v. King, 743 F.2d 248 (5th Cir. 1984).  Further, the punishment imposed against the plaintiff in this case, a transfer to the LSP farm line and eight (8) weeks loss of store privileges, did not constitute a significant and atypical hardship in the context of prison life which would have implicated the protections of the Due Process Clause under Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  Accordingly, the plaintiff's claim in this regard must also fail.

Turning to the plaintiff's claim asserted against the remaining defendants, the plaintiff complains first that, by implementation of the boxing program at LSP and by allowing the offending co-inmate to participate, the defendants exhibited deliberate indifference to the plaintiff's safety and well-being.  The plaintiff's allegations, however, fail to overcome the defendants' assertion of qualified immunity relative to this claim.  Specifically, there are no reported decisions in this Circuit, or in any other, which hold that the creation and implementation of a prison boxing program, as

such, is violative of an inmate's constitutional rights. See Jackson v. Foster, 2008 WL 4372848 ((D. Nev., Sept. 18, 2008)(finding no liability in the creation and implementation of a prison boxing program). Accordingly, there is no clearly established law which would conceivably have placed any of the defendants on notice that their conduct in establishing the program was wrongful under the United States Constitution. Although the plaintiff points to a state statute, La. R.S. 15:733, which provides that no incarcerated person shall "have access to or use ... martial arts of any form", and although the plaintiff asserts that boxing is a "martial art" included within this prohibition (which the defendants deny), this assertion, in any event, is one of a mere violation of state law which is not actionable under § 1983. See Woodard v. Andrus, 419 F.3d 348 (5th Cir. 2005) ("[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights."). Accordingly, the plaintiff's claim that the defendants were deliberately indifferent to his safety and well-being merely by allowing or encouraging inmates to engage in organized boxing activities at LSP fails to state a claim of constitutional dimension and should be dismissed.

Finally, the plaintiff asserts the claim that co-inmate Reed was an unreasonably dangerous inmate because he was a violent inmate who had been involved in unspecified prior instances of fighting of which the defendants were aware and because he was undergoing unspecified psychiatric evaluation and/or treatment for a condition which made him delusional and unstable. In this regard, the plaintiff contends, in essence, that merely by allowing co-inmate Reed to live in the plaintiff's housing unit at LSP, defendants Cain, Lamartiniere and Bordenlon, with knowledge of the co-inmate's dangerousness, were deliberately indifferent to the plaintiff's safety and well-being. The plaintiff alleges that defendants Lamartiniere and Bordenlon, in choosing and allowing co-inmate Reed to participate in the boxing program, reviewed the co-inmate's prison record and identified him as a particularly violent and assaultive inmate. The plaintiff further asserts that co-inmate Reed was known by prison personnel as the "jaw breaker", specifically because of his manner of "assaulting other inmates ... from behind." Finally, the plaintiff asserts that the

defendants maintained co-inmate Reed in the general prison population, notwithstanding their knowledge of his dangerousness, because the plaintiff was favored to win an upcoming state-wide boxing tournament and because he would not have been allowed to participate had he been placed in segregated confinement. The Court finds that ultimately, although the issue is a close one, this claim should be allowed to proceed as to defendants Lamartiniere and Bordenlon at the present time.

Initially, with regard to defendant Cain, the Court finds that the plaintiff has failed to allege sufficient personal involvement by this defendant in the violation alleged. In this regard, in order for a prison official to be found liable under § 1983, the official must have been personally involved in conduct causing the alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the conduct of the official and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that this defendant is responsible for the actions of his subordinates or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra.

In the instant case, the plaintiff alleges only that defendant Cain, as Head Warden of the institution, was responsible for "creating, funding, and providing for the implementation of [the] boxing program", rec.doc.no. 18, conduct which has been determined, above, not to rise to the level of a constitutional violation. The plaintiff has failed to allege that defendant Cain was responsible for choosing co-inmate Reed to participate in the program or for allowing him to continue therein, that defendant Cain was responsible for determining the co-inmate's classification level or housing assignment, or that defendant Cain was independently aware of co-inmate Reed's alleged

dangerous propensities.  Accordingly, in the absence of a credible assertion of direct and personal participation by defendant Cain in the violation alleged, the Court concludes that this defendant is entitled to dismissal from this proceeding.

Notwithstanding the foregoing, the Court finds that the plaintiff has sufficiently alleged a claim against defendants Lamartiniere and Bordenlon .  In this regard, he has alleged that these defendants chose co-inmate Reed to participate in the boxing program with specific awareness of Reed's violent and assaultive nature, and allowed Reed to continue in the program, and in the general population, after they became aware of psychological deficiencies and of a pattern of assault against other inmates. Although, as supervisory officials, these defendants are not charged with anticipating an inmate altercation of which they had no prior notification, and although the plaintiff concedes that he had no prior conflict with co-inmate Reed and had never complained to prison officials or sought protection from any perceived danger at the hands of co-inmate Reed, deliberate indifference has been found in prison situations where there has been a failure to control or segregate prisoners who pose an unreasonable danger to the physical safety of other prisoners. See Carter v. Potter County Sheriff, 46 F.3d 66 (5th Cir. 1995); Alberti v. Klevenhagen, 790 F.2d 1220 (5th Cir. 1986); Stokes v. Delcambre, 710 F.2d 1120 (5th Cir. 1983); Jones v. Diamond, 636 F.2d 1364 (5th Cir. 1981); Kennedy v. Epps, 2008 WL 2389805 (N.D. Miss., May 16, 2008).  Cf., Adames v. Perez, 331 F.3d 508 (5th Cir. 2003)(verdict in favor of inmate overturned on appeal).  In this case, the plaintiff has alleged that the defendants essentially created a situation in which a known violent, assaultive and unstable co-inmate was allowed to live in close proximity to other inmates and that they thereby created an unreasonably dangerous condition which resulted in serious injury to the plaintiff.  Thus, to the extent that the plaintiff's case is based upon a theory that these defendants subjectively created or allowed an environment of unreasonable potential violence, the plaintiff's allegations overcome the bare-bones assertion of qualified immunity, and his claim should be allowed to proceed at this juncture.  On a subsequent motion for summary judgment, an evidentiary showing will likely allow the Court to more fully evaluate whether there is

any potential merit to the plaintiff's claim.

Finally, the plaintiff also seeks to invoke the supplemental jurisdiction of this court. District courts, however, may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, inasmuch as the Court recommends dismissal of the plaintiff's federal claims, it is appropriate that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the plaintiff's claims asserted against defendants Tim Delaney and the Angola Boxing Association be dismissed for failure of the plaintiff to serve these defendants within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is further recommended that Court decline to exercise supplemental jurisdiction and that the Motion to Dismiss of the remaining defendants, rec.doc.no. 12, be granted in part, dismissing the plaintiff's claims asserted against defendant Burl Cain and dismissing the plaintiff's claims asserted against the remaining defendants, with the exception of the plaintiff's claim that defendants Joe Lamartiniere and Preseley Bordenlon were deliberately indifferent to the plaintiff's safety and well-being by failing to control or segregate a co-inmate who they knew posed an unreasonable danger to the physical safety of other prisoners, and that this action be referred back for further proceedings.

Signed in Baton Rouge, Louisiana, on September 3, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**