UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WALTER E. JOHNSON, JR. (#104558)　　　　　　　　　CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN, ET AL.　　　　　　　　　　　NO. 08-0590-FJP-DLD

## NOTICE

　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

　　In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　Baton Rouge, Louisiana, this 16th day of December, 2009.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　DOCIA L. DALBY
　　　　　　　　　　　　　　　　　　　　　　MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WALTER E. JOHNSON, JR. (#104558)                          CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN, ET AL.                              NO. 08-0590-FJP-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the plaintiff's Motion for Summary Judgment, rec.doc.no. 33. This motion is opposed.

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Ass't Warden Joe Lamartiniere, Ass't Warden Tim Delaney, Lt.Col. Preseley Bordenlon, Sgt. Larry Douglas and the Angola Boxing Association, complaining that his constitutional rights were violated on March 2, 2008, when the defendants failed to protect him from harm at the hands of an unreasonably dangerous co-inmate. Pursuant to Report and Recommendation dated September 3, 2009, approved by the District Judge on September 30, 2009, see rec.doc.nos. 35 and 37, the Court declined to exercise supplemental jurisdiction over the plaintiff's state law claims, dismissed the plaintiff's claims against defendants Burl Cain, Tim Delaney and the Angola Boxing Association, and dismissed the plaintiff's claims against the remaining defendants with the exception of the plaintiff's claim that defendants Joe Lamartiniere and Preseley Bordenlon were deliberately indifferent to the plaintiff's safety and well-being by failing to control or segregate a co-inmate who they knew posed an unreasonable danger to the physical safety of other prisoners.

The plaintiff now moves for summary judgment, relying upon the pleadings, a statement of undisputed facts and his own Declaration, provided "under penalty of perjury".

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil

Procedure. The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and the nonmoving party is not required to respond to the motion until the movant has properly supported his motion with competent evidence. Id. Once the movant has carried his burden of proof, however, the nonmovant may not sit idly by and wait for trial. Page v. Delaune, 837 F.2d 233 (5th Cir. 1988). Rather, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. Celotex Corp. v. Catrett, supra. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

In his Complaint, as amended, the plaintiff alleges that on the evening of March 2, 2008, after he returned to his dormitory from a meeting at the LSP Education Building, he was attacked from behind by a co-inmate in the television viewing area. According to the plaintiff, the co-inmate came up behind the plaintiff and hit the plaintiff behind the ear, allegedly knocking the plaintiff out, and then continued to punch the plaintiff, causing "a concusion [sic], teeth knocked out, an assumed broken jaw, a crushed nose, a lacerated lip, and several contusions."[1] The plaintiff further complains that he was thereafter falsely charged with a disciplinary violation for having started the fight, and was ultimately punished with a transfer to the LSP farm line and to eight (8) weeks loss of "store privileges". He asserts that the co-inmate was wrongly found innocent in the conflict because the co-inmate was a participant in the LSP boxing program and was training for an upcoming fight on which unidentified security officers had placed bets. The plaintiff complains that the co-inmate is a known dangerous inmate who was undergoing mental evaluation for dementia

---

[1] According to the plaintiff, shortly before his arrival at the dormitory, and unbeknownst to him, there had been a dispute in the dormitory television viewing area regarding whether a movie or a basketball game would be watched by the inmates. Approximately ten minutes later, while the plaintiff was watching the movie, the offending co-inmate came into the room and asked who was watching the movie. When the plaintiff signified that he was watching the movie, the co-inmate changed the channel to the basketball game and left the viewing area. Approximately five minutes later, when the co-inmate did not return, the plaintiff moved to change the channel back to the movie. As he was doing so, however, the co-inmate attacked the plaintiff.

at LSP and had had numerous write-ups for fighting, and so should not have been allowed to receive dangerous training in enhanced fighting techniques through the boxing program and should not have been allowed to live unrestricted among inmates such as the plaintiff.

The plaintiff's claim, in essence, is that the defendants were deliberately indifferent to a serious risk of danger to his health and safety, resulting in his sustaining injury on March 2, 2008. In this regard, under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from a constant threat of harm or violence at the hands of other inmates. Jones v. Diamond, 636 F.2d 1364 (5th Cir. 1981); Johnston v. Lucas, 786 F.2d 1254 (5th Cir. 1986). Not every prison fight is actionable, however. In order for there to be liability in connection with this cause of action, there must exist an intent on the part of the defendants to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm. Johnston v. Lucas, supra. "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As stated in Farmer, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Upon a review of the plaintiff's motion, the Court concludes that the plaintiff has failed to meet his initial burden of establishing, through competent evidence, that there are no disputed issues of material fact in this case. Although he asserts, in conclusory fashion, that the offending co-inmate was unreasonably dangerous because he had a violent temperament, had been involved in unspecified prior instances of fighting (of which the defendants were aware), and was undergoing unspecified psychiatric evaluation and/or treatment for a condition which made him delusional and unstable, the plaintiff has provided absolutely no proof of these assertions. He merely states, without any factual support whatever, that defendants Lamartiniere and Bordenlon had reviewed the co-inmate's prison record and knew him to be a particularly violent and assaultive inmate, that

the co-inmate was known by prison personnel as the "jaw breaker" because of his manner of "assaulting other inmates ... from behind", and that the defendants nonetheless maintained the co-inmate in the general prison population because the co-inmate was favored to win an upcoming boxing tournament. These conclusory statements, without any evidentiary support, are insufficient to establish the plaintiff's entitlement to recovery herein. Even if, as alleged by the plaintiff, prison officials were aware of prior incidences of misconduct on the part of the co-inmate, such knowledge, as a general rule, does not equate to knowledge that the plaintiff faced a sufficient probability of harm at the hands of the co-inmate to support a finding of deliberate indifference. See, e.g., Hazel v. McCullough, 2007 WL 1875807 (W.D. Pa., June 27, 2007). Accordingly, his motion for summary judgment should be denied.

## RECOMMENDATION

It is recommended that the plaintiff's Motion for Summary Judgment, rec.doc.no. 33, be denied, and that this action be referred back for further proceedings.

Baton Rouge, Louisiana, this 16th day of December, 2009.

DOCIA L. DALBY
MAGISTRATE JUDGE